The Honorable H. Lacy Landers State Representative 524 River Street Benton, AR 72015
Dear Representative Landers:
This is in response to your request for an opinion concerning the number of signatures required on local initiative and referendum petitions. The following questions are asked with regard to the signature requirement under Amendment 7 to the Arkansas Constitution in connection with county petitions:
 How many votes are needed to invoke the initiative if the office of circuit clerk has not been contested in a general election for a period of:
(a) 10 years?
(b) 20 years?
 (c) If no record is on file in the county clerk's office as to how many votes were cast in the last general election, where more than one candidate was voted on, how many signatures are needed to invoke the initiative?
It is my opinion that the initiative may be invoked as to county legislation if a petition is signed by the number of voters equal to fifteen percent of the total vote cast for the office of circuit clerk at the last preceding general election, contested or uncontested.
As noted in your correspondence, Amendment 7 states that fifteen percent of the voters of any municipality or county may invoke the initiative upon any local measures. See Ark. Const. Am. 7 ("Local Petitions"). In counties, the required number of signatures on a petition is computed based upon "the total vote cast [upon the office of Circuit Clerk] at the last preceding general election." Id. It is thus apparent that there is no distinction in Amendment 7 between contested and uncontested elections for purposes of this signature computation in connection with initiative petitions. The plain meaning of Amendment 7 supports the proposition that the fifteen percent requirement should be calculated based upon the total vote cast for the office of circuit clerk at the last preceding general election, regardless of whether the office was contested. Thus, in order to invoke the initiative as to county legislation, there must be a petition signed by at least fifteen percent of the legal voters of the county, with the signature requirement computed upon the total vote cast for the office of circuit clerk at the last preceding general election, contested or uncontested.[1]
This conclusion is further indicated by the provisions in the Arkansas Code for counting the votes received by an unopposed candidate for the office of circuit clerk. See A.C.A. §§7-5-208(h)(2) (1987) (names of unopposed candidates for circuit clerk to be separately printed so that votes may be separately counted as required in § 7-5-315) and 7-5-315 (Cum. Supp. 1991) (votes received by an unopposed candidate shall not be counted; "[h]owever, the votes received by an unopposed candidate for the office of mayor or circuit clerk shall be counted and tabulated by the election officials.") These provisions evidence the legislature's awareness of the petition requirement under Amendment 7 with respect to local initiatives.[2]
In response to your specific questions, therefore, the fact that the office of Circuit Clerk has not been contested for a period of ten or twenty years is irrelevant. Nor does the absence of a record of votes in a contested election have any bearing on the signature requirement under Amendment 7 where the last preceding general election for the office of circuit clerk was uncontested.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that this fifteen percent requirement pertains to the number of signatures on a petition in order to invoke the initiative. There is no vote requirement in this regard.
[2] The signature requirement in connection with municipal
legislation is computed based upon the total vote cast for the office of mayor at the last preceding general election.